IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

|                                    |   |                    |
|------------------------------------|---|--------------------|
| KEESHALOY S. THOMPSON,             | ) |                    |
|                                    | ) |                    |
| Plaintiff,                         | ) |                    |
|                                    | ) |                    |
| vs.                                | ) | NO. CIV-07-1019-D  |
|                                    | ) |                    |
| SURBEC ENVIRONMENTAL, L.L.C.,      | ) |                    |
|                                    | ) |                    |
| Defendant.                         | ) |                    |

ORDER

Before the Court is Defendant's Combined Motion to Compel, Motion for Sanctions and Motion for Extension of Scheduling Order Deadlines [Doc. No. 24]("Combined Motion")[1].   After Plaintiff responded to the Combined Motion, Defendant filed an Application to Withdraw Motion for Extension of Scheduling Order Deadlines [Doc. No. 30] ("Application to Withdraw").  Plaintiff has not responded to the Application to Withdraw.

At the time Defendant filed the Combined Motion, Plaintiff appeared *pro se.*  When she filed this lawsuit, she was represented by counsel; however, counsel was permitted to withdraw by Order of August 19, 2008 [Doc. No. 21].  In that Order, the Court directed Plaintiff to secure new counsel or enter a *pro se* appearance within 20 days.  Plaintiff did not comply, but the Court *sua sponte* granted her additional time until September 24, 2008; on September 24, Plaintiff entered her *pro se* appearance [Doc. No. 23].  On October 20, 2008, Valerie Williford entered an appearance as retained counsel on behalf of Plaintiff; she timely responded to the Combined Motion.

I. Motion to Compel and for Sanctions:

---

[1]*The Combined Motion does not comply with the Local Civil Rules, which provide that each motion filed "shall be a separate document."  LCvR 7.1(c).  Combined motions are usually stricken; however, Plaintiff's response to the Motion was filed before the Court had an opportunity to strike the Motion.  Defendant is cautioned that future compliance with the Local Civil Rules will be strictly enforced.*

In its Combined Motion, Defendant seeks a Court order compelling Plaintiff to appear for her deposition and requests sanctions for her failure to comply with the Federal Rules of Civil Procedure regarding discovery and her failure to communicate with Defendant's counsel. Defendant states that, during the time period in which Plaintiff was represented by her original counsel or appeared *pro se*, it repeatedly sought to schedule her deposition. Counsel for Plaintiff experienced some communication problems with Plaintiff, who moved to New York after this action was filed. Because they were unable to schedule Plaintiff's deposition, the parties sought and were granted an extension of the dispositive motion deadline [Doc. No. 19]. Plaintiff's deposition was scheduled for Monday, August 11, 2008 in Oklahoma City; however, on the preceding Friday, her then counsel notified Defendant's counsel that the deposition would be cancelled because he was filing a motion to withdraw due to communication difficulties with Plaintiff. In the Order granting the Motion to Withdraw, the Court extended all existing deadlines for a period of 45 days [Doc. No. 21]. That Order also directed Plaintiff's original counsel, Melvin Hall, to continue receiving and forwarding to Plaintiff copies of all papers filed in the case and all communications until Plaintiff secured new counsel or entered her *pro se* appearance.

According to Defendant, its counsel attempted to arrange a new date for Plaintiff's deposition with her original counsel and, after Plaintiff entered a *pro se* appearance, attempted to communicate with Plaintiff directly to make the arrangements. On September 2, 2008, Defendant send a Notice of Deposition, noticing her deposition for September 15, 2008; the Notice was forwarded to original counsel, Melvin Hall. *See* Correspondence and Notice, Defendant's Exhibit 2 to Combined Motion. The deposition convened on September 15, 2008; however, Plaintiff did not appear. Transcript, Defendant's Exhibit 3.

2

After the entry of Plaintiff's *pro se* appearance, Defendant's counsel contacted her directly to discuss the lawsuit and arrange her deposition.   However, as Plaintiff admits in her response to the Combined Motion, she failed to return his telephone call.  Several days later, Defendant filed the Combined Motion seeking to compel her appearance for a deposition prior to the October 27, 2008 dispositive motion deadline and to sanction her for failing to cooperate in discovery.

Plaintiff's response to the Combined Motion, drafted by her current counsel, contains numerous incorrect statements.  Initially, counsel states that "Naturally, it took Plaintiff some time to find a new counsel she felt comfortable with after all of this had occurred."[2]  Response at ¶ 4. Counsel fails to mention Plaintiff's failure to comply with the Court-ordered deadline for obtaining new counsel, and offers no explanation for that failure. Contrary to current counsel's suggestion, the Court did not grant Plaintiff the luxury of an indefinite time period to secure new counsel; in fact, the Court expressly directed Plaintiff to secure new counsel or enter a *pro se* appearance within 20 days of the August 19, 2008 Order.   Current counsel also overlooks the fact that, despite the Court's warning that failure to secure new counsel or enter a *pro se* appearance by the deadline could result in dismissal of the lawsuit, Plaintiff ignored that admonition.   It was not until the Court *sua sponte* granted her an extension of the deadline that Plaintiff entered her *pro se* appearance.

Current counsel also suggests that, because she did not have counsel, Plaintiff should be excused from complying with the orders of this Court and her responsibility to cooperate with discovery.  Response at ¶ 6. Counsel expressly argues that, because Plaintiff was *pro se* and "not capable of understanding what duty she had to appear for a deposition without the benefit of counsel," she should be excused for her "failure to comply with rules she does not fully understand."

---

[2] *The reference to "all of this" is Plaintiff's contention that her original counsel attempted to persuade Plaintiff to settle the lawsuit and, when she refused, he sought to withdraw.*

*Id.*   Contrary to counsel's argument, plaintiffs who appear *pro se* are <u>not</u> excused from compliance with the rules of this Court and the Federal Rules of Civil Procedure.  *Garrett v. Selby Connor Maddux & Janer,* 425 F. 3d 836, 840 (10th Cir.2005) (The Tenth Circuit has "repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants."); *DiCesare v. Stuart,* 12 F. 3d 973, 979 (10th Cir. 1993) (citing *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied,* 507 U.S. 940 (1993)).

Counsel also argues that Plaintiff had "the right to have counsel present during her deposition." Response at ¶ 6.   Counsel ignores the fact that Plaintiff entered a *pro se* appearance, choosing to represent herself without benefit of counsel.  Furthermore, that argument does not excuse Plaintiff's failure to communicate with opposing counsel or to respond to the requests to schedule her deposition.  At no time while she was appearing *pro se* did Plaintiff seek an extension of the deadline for discovery or request additional time to comply with the Court's orders.

Plaintiff's current counsel also suggests that, because Defendant's exhibits include correspondence in which a proposed settlement amount was disclosed, Plaintiff should not be sanctioned.  Although counsel correctly notes that the settlement amount should have been redacted from the exhibit and should not be disclosed to the Court, that does not excuse the fact that Plaintiff has failed to cooperate in discovery in this lawsuit.

The arguments of Plaintiff and her current counsel are not persuasive and are contrary to the decisions of the Tenth Circuit regarding *pro se* litigants.  Plaintiff's failure to participate in discovery and to communicate with Defendant's counsel during the period in which she was appearing *pro se* will not be excused.  Plaintiff chose to file this lawsuit and, when she and her original counsel disagreed as to the manner in which it should be pursued, she elected to proceed as a *pro se* litigant.

Defendant attempted to comply with the Court's deadlines and the rules governing discovery and was prejudiced by Plaintiff's failure to participate in discovery. Accordingly, sanctions may properly be assessed pursuant to Fed. R. Civ. P. 37.

However, the Court finds that Defendant's requested sanction of dismissing the lawsuit is too harsh. Given the circumstances, a proper sanction is to assess Plaintiff with the reasonable costs and expenses incurred by Defendant in its unsuccessful efforts to communicate with Plaintiff to arrange her deposition after the cancellation of her August 11, 2008 deposition and its subsequent failed efforts to communicate with Plaintiff prior to filing the Combined Motion. Such expenses shall be limited to Defendant's reasonable time and costs with respect to the foregoing efforts from August 11, 2008 through and including the filing of the Combined Motion. Defendant is directed to submit to the Court an itemized record of the specific actions taken, the time expended, and the hourly rate actually charged for each such effort. Defendant shall do so no later than December 19, 2008. Plaintiff may respond to that submission no later than December 31, 2008. No reply will be permitted. Upon review of the parties' submissions, the Court will determine the proper sanction to be assessed and will issue an order.

Plaintiff is also directed, through her current counsel, to contact Defendant's counsel within two business days of the date of this Order for the purpose of arranging Plaintiff's deposition. Although the discovery deadline has now expired, the expiration is not the fault of Defendant. The deposition of Plaintiff shall be scheduled within 30 days of the date of this Order.

## II. Motion to Extend Deadlines:

The Combined Motion also sought the extension of the dispositive motion deadline so that

Defendant could depose Plaintiff prior to filing its summary judgment motion.   Because a ruling could not be issued before the expiration of the October 27, 2008 deadline, Defendant elected to proceed with filing its dispositive motion without having deposed Plaintiff.   Defendant now considers its request for an extension moot, and seeks to withdraw its motion to extend [Doc. No. 30].

In response to the requested extension, Plaintiff's current counsel states that she has no objection.  Surprisingly, however, Plaintiff's counsel claims to have no knowledge of the existing Scheduling Order or subsequent orders extending the deadlines contained therein.  Response at ¶ 9. As Defendant points out in its reply, Plaintiff's counsel has access to the Court's Electronic Case Filing ("ECF") system; the ECF system contains the docket in this case, and all orders entered are accessible through that system.  Current counsel is registered with the ECF system, and entered her appearance in this case on October 20, 2008 [Doc. No. 27].   Counsel has complete access to all orders filed in this case, including but not limited to the Scheduling Order and subsequent orders extending the deadlines.

Notwithstanding Defendant's subsequent request [Doc. No. 30] to withdraw its motion to extend deadlines, it is apparent to the Court that the extension of pretrial deadlines is necessary. Plaintiff's counsel is directed to contact Defendant's counsel no later than five business days from the date of this order to initiate a joint application to extend the deadlines for discovery, the filing of final witness and exhibit lists, motions in limine, proposed jury instructions, and requested voir dire.  The joint application shall be filed no later than December 31, 2008.  Plaintiff is cautioned that, given the delay which has occurred in this case, the Court will permit no more than 30 additional days for the completion of discovery.  The parties are also advised that, given the Court's

trial schedule and the number of matters pending in other cases, a prospective trial date cannot be scheduled at this time.

III.  Conclusion:

In accordance with the foregoing, Defendant's Motion to Compel and for Sanctions [Doc. No. 2] is GRANTED in part and DENIED in part; the Motion to Extend Deadlines is GRANTED, subject to the directions set forth herein.  The Application to Withdraw Motion [Doc. No.30] is DENIED, subject to the directions set forth herein.

IT IS SO ORDERED this  15th  day of December, 2008.


_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE