# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEESHALOY S. THOMPSON, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | No. CIV-07-1019-D |
| SURBEC ENVIRONMENTAL, L.L.C., | ) ) ) | |
| Defendant. | ) | |

## ORDER AND JUDGMENT

In a December 15, 2008 Order [Doc. No. 35], the Court granted in part and denied in part the Defendant's motion to impose sanctions upon Plaintiff for her failure to participate in discovery. The Court concluded that, pursuant to Fed. R. Civ. P. 37, sanctions were warranted and that the sanction should include an assessment against Plaintiff of the reasonable costs and expenses incurred by Defendant during the time period of August 11, 2008 through and including the filing of its motion on October 13, 2008. Defendant was directed to submit an itemized record of the "specific actions taken, the time expended, and the hourly rate actually charged for each such effort." Order [Doc. No. 35] at p. 5.

Defendant timely submitted the required documentation, seeking a total sanction in the amount of $2,867.30. That amount consists of $154.80 in court reporter costs and $2,712.50 in attorney fees. Plaintiff has responded to the submission. She agrees that $154.80 in costs is reasonable, but argues the requested fees are excessive because Defendant's counsel's time records reflect an excessive amount of time expended on the matter at issue.

As Plaintiff's counsel notes, the fee requested includes time which was expended by Defendant's counsel in preparation for the deposition which Plaintiff failed to attend. The requested

fee consists of four hours, at a rate of $175.00 per hour,[1] in preparation for the deposition, attending the deposition, and drafting facts to support a motion to compel. *See* Affidavit of Kyle Buchanan, Exhibit 1 to Defendant's Submission of Fees and Expenses [Doc. No. 36], p. 2. Plaintiff correctly notes that time expended in preparation for Plaintiff's deposition was not wasted, as that deposition was ultimately scheduled after counsel entered an appearance and conferred with Defendant's counsel. Thus, the Court agrees that preparation time should be excluded from the amount of the sanction. According to the documentation set forth in Exhibit 1, the preparation time amounts to 2.50 hours. In addition, the Court finds that a one-hour entry for time expended in drafting a deposition notice and correspondence to Plaintiff's former counsel does not represent time expended as a result of Plaintiff's conduct. That hour, and the resulting fee, should also be deducted. The Court has also reviewed the entries reflecting the time expended by Defendant's counsel in researching and drafting the motion for sanctions, which was combined with a motion for extension of deadlines. The records reflect the amount of time expended on each issue. The Court finds that time expended in connection with the request to extend deadlines should be excluded. In addition, the Court agrees with Plaintiff that the time expended by Defendant's counsel in researching and preparing the motion and briefs exceeds a reasonable amount, and will reduce that time by 1.50 hours.

The Court has deducted 6.75 hours from the total 15.50 hours claimed by Defendant, resulting in a total of 8.75 hours of work reasonably incurred. The Court agrees with Defendant that the hourly rate of $175.00 is fair and reasonable. The resulting attorney fee is thus $1,531.25. In addition, Defendant is entitled to recover $154.80 in costs expended. The total sanction assessed

---

[1] Defendant's counsel states that, although his normal hourly rate was $200 during this time period, that rate has been discounted to $175 per hour for purposes of this motion.

against Plaintiff is $1,686.05. Defendant is entitled to the recovery of that amount. Because this sanction does not result from the conduct of her counsel but of Plaintiff personally, the sanction is imposed against her, and she shall be responsible for its payment. Judgment is hereby entered accordingly.

IT IS SO ORDERED this 11th day of February, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE